———o———

ARCHIBALD L. DARBY, Appellant, *vs.* WILLIAM J. STARK, Respondent.

1. *Venue, change of—Application for at close of term.*—An application for change of venue, left undisposed of at the end of the term, is simply continued, and may be taken up and passed on at the next term. A new application is unnecessary.

*Appeal from Clay Circuit Court.*

*A. W. Doniphan, E. H. Norton, and Samuel Hardwick,* for Appellant, cited Freleigh vs. The State, 8 Mo., 606; Gale vs. Michel, 47 Mo., 326; State *ex rel.* Duncan vs. Price, 38 Mo., 382.

*J. E. Merryman and J. F. Harwood,* for Respondent, cited Jenkins vs. Hill, 57 Mo., 1 22; Corpenny vs. Sedalia, 57 Mo., 88; Wagn. Stat., 1355; Perry vs. Roberts, 17 Mo., 36.

WAGNER, Judge, delivered the opinion of the court.

Upon the petition of the plaintiff, a temporary injunction was granted to restrain the defendant from cutting and tak-

ing away timber from certain premises, the title to which was in litigation. On the last day of the term plaintiff made his application for a change of venue, on the ground that the judge was prejudiced against him. No action was taken upon this application, and the court adjourned till the next regular term.

At the succeeding term plaintiff called up his motion for a change of venue, and defendant interposed the objection that the same was filed at the last term of the court, and could not be heard at a subsequent term. This objection was sustained and the application denied, the court giving as a reason that it was filed at a previous term of the court, and not taken up till the next succeeding term. Thereupon, the court proceeded to dissolve the injunction and assess damages against the plaintiff.

There is no objection made that the application to the first term was irregular or out of time, but the decision was based apparently upon the ground that as it was not determined at that term, it was of no further effect, and that at the second term it was necessary to give a new notice, as upon an original proceeding. But this, we think, is a mistake. When the court adjourned, leaving the application pending and undecided, it was simply continued, and like all other questions in the cause, liable to the future action and decision of the court. At the next term, when it was called up, it was a proceeding pending, and to be determined in the same manner as any other preliminary question. When the application was filed on the last day, the party was in court for that purpose, and the adjournment of the court, without taking any action upon the application, did not put him out of court, but simply operated as a postponement of the decision till another term.

The court, therefore, erred, and its judgment will be reversed and the cause remanded; all the judges concur.